**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ANDERSON/GREENWOOD DIVISION**

| | | |
|---|---|---|
| James Morton Jr., | ) | C/A No. 8:26-CV-00907-TMC-MGB |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| CSX Transportation, Inc., | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

The case that led to this action began on March 13, 2018, when twenty current or former employees of Defendant CSX Transportation, Inc. filed *Bell v. CSX Transportation, Inc*, in the District of Maryland. (Doc. 1.) On April 23, 2024, after years of arbitration and case progression. the plaintiffs in *Bell* filed an amended complaint which included Plaintiff James Morton Jr. (Doc. 104.) On November 26, 2024, the District of Maryland ordered the transfer of the non-Maryland plaintiffs' claims to the districts in which those plaintiffs resided. (Dkt. No. 129.) As a result, Plaintiff's case was transferred to the Southern District of Georgia. Plaintiff then filed a Second Amended Complaint alleging: (1) that Defendant miscalculated the amount of leave Plaintiff had used under the Family and Medical Leave Act ("FMLA"); (2) that Defendant's attendance policy violates the FMLA by using FMLA leave as a basis to disqualify employees from receiving a Good Attendance Credit; and (3) that Plaintiff's termination was unlawful. (Dkt. No. 172.)

On August 4, 2025, Plaintiff filed a motion to change venue to this Court pursuant to 28 U.S.C. § 1404(a). (Dkt. No. 173.) Defendant filed a Partial Motion to Dismiss on September 3, 2025. (Dkt. No. 175.) Defendant's Motion seeks dismissal of Plaintiff's miscalculation claim and his attendance policy claim. (Dkt. No. 175-1.) Plaintiff did not respond to Defendant's Partial Motion to Dismiss. On February 5, 2026, the Southern District of Georgia granted Plaintiff's

1

motion to change venue. (Dkt. No. 181.) In that Order, the court found that "it is more appropriate for the District Judge in the transferee district" to rule on Defendant's pending motion. (*Id*. at 24.) The instant action was transferred to this Court on March 5, 2026. (Dkt. No. 182.)

As noted above, Plaintiff failed to respond to Defendant's Partial Motion to Dismiss.[1] Accordingly, the undersigned recommends that Plaintiff's miscalculation claim and attendance policy claim be dismissed with prejudice for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989). With this recommendation, only Plaintiff's unlawful termination claim under the FMLA should remain pending.

IT IS SO RECOMMENDED.

March 24, 2026
Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

---

[1] Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2), D.S.C., all pretrial matters in this action are referred to a United States Magistrate Judge for consideration.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).