**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ANDERSON/GREENWOOD DIVISION**

| | | |
|---|---|---|
| James Morton, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 8:26-cv-00907-TMC |
| | ) | |
| CSX Transportation, Inc., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

On February 5, 2026, the United States District Court for the Southern District of Georgia granted Plaintiff's motion to change venue and transferred Plaintiff's case to this district. (ECF No. 181.)   In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was automatically referred to a magistrate judge for all pretrial proceedings.

Plaintiff's action alleges: (1) that Defendant miscalculated the amount of leave Plaintiff had used under the Family and Medical Leave Act ("FMLA"); (2) that Defendant's attendance policy violates the FMLA by using FMLA leave as a basis to disqualify employees from receiving a Good Attendance Credit; and (3) that Plaintiff's termination was unlawful. (ECF No. 172). Several months prior to the transfer of venue, Defendant filed a Partial Motion to Dismiss seeking to dismiss Plaintiff's miscalculation claim and his attendance policy claims. (ECF Nos. 175 and 175-1).   In transferring this action, the District Court for the Southern District of Georgia found that it would be more appropriate for the transferee court to address the pending Partial Motion to Dismiss. Plaintiff has never responded to Defendant's Partial Motion to Dismiss.

Now before the Court is the magistrate judge's Report and Recommendation ("Report") recommending that Plaintiff's miscalculation claim and attendance policy claim be dismissed with

prejudice for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982). (ECF No. 185). Plaintiff, who is represented by counsel, was advised of the right to file objections to the Report and of the potential consequences of failing to do so in a timely manner. (ECF No. 185 at 3).

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the

matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Having carefully reviewed the Report and the record, the Court finds no clear error and perceives no basis for deviating from the recommendation of the magistrate judge. Accordingly, the Court **ADOPTS** the Report (ECF No. 185) and incorporates it herein. Defendant's Partial Motion to Dismiss is **GRANTED.** (ECF No. 175). Plaintiff's miscalculation claim and attendance policy claim are **DISMISSED.** Plaintiff's unlawful termination claim under the FMLA remains pending.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Chief United States District Judge

Anderson, South Carolina
April 8, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

3